UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MTGLQ INVESTORS, L.P., | Case No. 2:16-cv-01167-TLN-GGH |
| Plaintiff, | |
| v. | **SUA SPONTE REMAND ORDER** |
| RICHARD CAMPBELL, STEPHANIE CAMPBELL, STEPHEN HARMON AND DOES 1 THROUGH 5, | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Stephanie Campbell's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2015, Plaintiff MTGLQ Investors, L.P. ("Plaintiff") filed an unlawful detainer action in the Sacramento County Superior Court of California. (Not. of Removal, ECF No. 1-1 at 1.) On May 31, 2016, Defendant filed a Notice of Removal in the United States District Court, Eastern District of California. (ECF No. 1.) Defendant asserts that removal is

1

proper because "the complaint presents federal questions." (ECF No. 1 at 2, ¶ 4.)  For the reasons stated below, this Court finds that subject matter jurisdiction does not exist and thus this case must be remanded.

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.    ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. Section 1441(a) states: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, for jurisdiction to exist under § 1441(a), a federal question must be presented on the face of

the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 386. Here, Defendant is claiming that her Answer implicates federal questions. This cannot confer original jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009) (holding that removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question).

Thus, Defendant has failed to establish her burden of showing that jurisdiction before this Court is proper. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Sacramento. In removing this case, Defendant filed a motion to proceed in forma pauperis. (*See* ECF No. 2.) The Court has reviewed the motions and finds that Defendant meets the requirements of in forma pauperis status and thus grants Defendant's request.

IT IS SO ORDERED.

Dated: June 2, 2016

Troy L. Nunley
United States District Judge